# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| REGIONS BANK, | § | |
| | § | |
| **Plaintiff;** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO: 4:20-cv-1258** |
| | § | |
| NEW BRAUNFELS ER, LLC; THOMAS | § | |
| VO; SHIRAZ PIRALI; DONNA | § | |
| CAMPBELL; HARBIR SINGH; STEVEN | § | |
| GARTZMAN; AMANDA DUPONT; | § | |
| JOSEPH HATHORN; BRUCE GLEASON | § | |
| GERALD T. DELK; SPARTAN–APACHE | § | |
| MEDICAL, PLLC; RENA SALYER; VO | § | |
| FAMILY, L.P.; GREEN MASS, L.L.C.; | § | |
| EDWARD ORLAND BROOKS III; 7G | § | |
| PLATINUM REAL ESTATE LLC; H | § | |
| SINGH MD, PA, | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT DONNA CAMPBELL, M.D.'S MOTION
## TO STAY AND ABATE THE LAWSUIT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant DONNA CAMPBELL, M.D. ("Defendant" or "Dr. Campbell") respectfully requests a stay and abatement of the above lawsuit for a limited time. Debtors, 35NB, LLC ("35NB") and New Braunfels ER, LLC ("NBER") (collectively "Debtors')[1] and Dr. Campbell are inextricably interwoven in that a judgment against Dr. Campbell would act as a judgment against the Debtors and thwart full payment to Regions in Debtors' plan.

---

[1] On March 2, 2020, 35NB, LLC ("35NB") filed for protection under Chapter 11 of the Bankruptcy Code, in Case No. 20-31457; In the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  On May 6, 2020, New Braunfels ER, LLC ("New Braunfels"), a Defendant in this case, filed a Chapter 11 Bankruptcy in Case No. 20-32553; In the United States Bankruptcy Court for the Southern District of Texas, Houston Division. Dr. Campbell is a Member in 35NB and New Braunfels. Debtors are seeking emergency Joint Administration of the cases.

{111947/00002/01412352.DOCX 1 }                                    1

**INTRODUCTION**

1.      Even though Debtor, 35NB, LLC never missed a payment on its loan with Regions Bank, Plaintiff, sued all the guarantors. Dr. Campbell, a guarantor, requests a stay of the above and present lawsuit so that Debtors, 35NB, LLC and New Braunfels ER, LLC may propose a joint plan to pay Regions Bank in full in the Bankruptcy cases. Allowing the litigation to proceed against Dr. Campbell, would injure Debtors' efforts to reorganize, due to the intertwinement of Dr. Campbell and the Debtors.

2.      Fifth Circuit Courts will stay related guaranty litigation in the limited situations as discussed below. First, Courts will impose a stay if the interests between the debtors and non-debtors are intertwined to the extent a lawsuit negatively impacts the debtors' reorganization. *In re Bernhard Steiner Pianos USA, Inc.*, 292 B.R. 109, 116 (Bankr. N.D. Tex. 2002) (citing *In re Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995)). Second, Courts may abate or stay litigation to control their own dockets and to prevent duplication of judicial resources. *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1159 (5th Cir. 1992); *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967)))

3.      Under the First prong, Fifth Circuit courts enjoin litigation in cases that demonstrate the following: "(1) when the non-debtor and debtor enjoy such an identity of interest that the suit against the non-debtor is essentially a suit against the debtor, and (2) when the third party action will have an adverse impact on the debtor's ability to accomplish reorganization." *In re Bernhard,* 292 B.R. 109, 116 (citing *In re Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995)). The Fifth Circuit identifies that an indemnity agreement or formal tie must exist between co-defendants and debtors to achieve intertwinement. *Arnold v. Garlock, Inc.,* 278 F.3d 426, 436

(5th Cir. 2001); *Id.*, at 116; *Nat'l Oilwell Varco, L.P. v. Mud King Prods., Inc.*, 2013 U.S. Dist. LEXIS 66152, 2013 WL 1948766, at \*3 (S.D. Tex. May 9, 2013) (quoting *Wedgeworth*, 706 F.2d at 545). Another common element in stayed cases involve creditors receiving one hundred cents on the dollar through a plan, and if the debtor failed to provide payments, then the injunction would dissolve. *In re Bernhard.*, at 116; *Id.* at \*3.

4.      The Second prong allows Courts to stay litigation as administrators of their own dockets. *Dillard*, 961 F.2d 1148, 1159. In cases involving litigation in multiple Courts, Courts may decide to stay litigation to prevent differing results. *Id.* at 1159. By staying cases, Courts may also force parties to consolidate into one forum. *Id.* Consolidating the litigation into one forum prevents differing results and duplicated efforts. *Id.*

5.      This case presents the "unusual circumstances" echoed in Fifth Circuit cases that allow this Court to stay the litigation in the interests of justice and in control of its docket. The Debtors and Dr. Campbell are inextricably interwoven through an indemnity agreement, and a judgment against one is in effect a judgment against the other. New Braunfels' Second Revised Operating Agreement mandates indemnification of Members, such as Dr. Campbell. Currently, Debtors moved for emergency joint administration in the Bankruptcy cases and intend to propose a plan to pay Regions Bank, in full. Accordingly, Dr. Campbell requests a stay, as allowing this lawsuit to continue would irreparably harm Debtors' reorganization efforts.

## FACTUAL BACKGROUND

6.      New Braunfels was a fully functioning Emergency Room in New Braunfels, Texas located at 3221 Commercial Circle Dr., New Braunfels, Texas 78132 ("Property") with

{111947/00002/01412352.DOCX 1 }                    3

positive reviews and sustained profit. In September 2019, it was forced to close. Subsequently, it was listed for sale with a broker. Nevertheless, it diligently continued paying monthly installments to Plaintiff, Regions Bank and *never* missed a payment.

7.      Regions Bank, nonetheless, accelerated the notes and declared a default, alleging that New Braunfels EBITDAR score decreased, without providing any evidence, and demanded financial information within 15 days. Despite receiving continuing payments, Regions Bank accelerated the debt and listed the Property for foreclosure.

8.      On or about March 22, 2017, New Braunfels entered into a secured $900,000 promissory note with Regions Bank. That following day, on March 23, 2017, New Braunfels entered into a Construction and Business Loan agreement for $3,587,000 with Regions Bank to assist it in constructing an Emergency Room in New Braunfels, Texas. Twelve members comprise the Debtor, New Braunfels. Those members include, but are not limited to Dr. Vo, Dr. Campbell, 7G Platinum Real Estate, LLC, Shiraz Pirali, M.D., Harbir Singh,  Harbir Singh, P.A., Steven Gartzman, Amanda Dupont, Joseph Hathorn, Bruce Gleason, and Spartan-Apache Medical, PLLC. Most of the same individuals entered into guaranty agreements with Regions Bank, but not all.

9.      After completing construction, New Braunfels began successfully operating the Emergency Room. Additionally, some of the Members, Dr. Campbell, Dr. Vo and Dr. Pirali, organized 35NB as the landowner, while New Braunfels owned the Emergency Room and paid rent to 35NB. Debtors encountered difficulties and were forced to close in September 2019. In spite of the closure, Debtors never missed a payment to Regions Bank.

10.     It is Dr. Campbell's understanding that Debtors, New Braunfels ER, LLC and 35NB, LLC will propose a plan to pay the loans secured by Regions' Bank loans in full, in a jointly administered plan. On May 31, 2020, 35NB proposed a plan with the assistance of New Braunfels. On June 1, 2020, the Court granted joint administration in 35NB and New Braunfels cases and will allow a proposed plan to become a jointly administered plan. In light of a forthcoming joint plan that will pay Regions Bank, Dr. Campbell requests that the Court abate the current lawsuit.

## ARGUMENTS & AUTHORITIES

### A.     Abatement is Appropriate

#### 1.  Modified Stay Requirements involving 11 USC §362

11.     Courts have extended the stay to co-defendants utilizing §362 of the Bankruptcy Code in "unusual circumstances, when the liability between the debtor and co-defendants is such that judgment against a co-debtor is in affect a judgment against the debtor. *Matter of S.I. Acquisition*, 817 F.2d at 1147-48.  The Fifth Court adopted the Fourth Circuit's reasoning in *A. H. Robbins*, the leading case at the time, utilizing §362 to extend the stay to a co-debtor in "unusual circumstances." *A. H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994,999 (4th Cir. 1986). Notably the Fourth Circuit noted:

> "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of the

statutory stay in that case would defeat the very purpose and intent of the statute." *Id.*

The Fifth Circuit endorsed the Fourth Circuit's reasoning in the *Garlock* case discussed below.

12.     The *Garlock* Court provided additional parameters allowing the stay where there is a formal or contractual relationship between the debtor and co-defendants, often created by an indemnity agreement, whereby a judgment against one would in effect shackle the other. *Arnold v. Garlock, Inc.,* 278 F.3d 426, 436 (5th Cir. 2001). The *Garlock* Court found that an indemnity agreement, interlocking the debtor and co-defendants, was a necessary element to extend the stay. *Id.,* at 436.

13.     Similarly, in *Bernhard*, the Northern District Bankruptcy Court extended the stay to the co-defendants, in confirming a plan, due to the identity of interests between the co-defendant and debtor and ***because the creditor would be paid in full***. *In re Bernhard Steiner Pianos USA, Inc.*, 292 B.R. 109, 116 (Bankr. N.D. Tex. 2002); *Vitro v. ACP Master, Ltd. (In re Vitro),* 455 B.R. 571, 580, 2011 Bankr. LEXIS 2468, *21, 55 (Bankr. N.D. Tex. 2011). Essentially, the debtor's principal argued that a litigation on both fronts would drain resources necessary to fund and reorganize the debtor to pay the creditors in full. *Id.,* at 118. The Court found that allowing the case to proceed would thwart the debtor's attempt to reorganize. *Id.*

## 2.     New Braunfels Operating Report indemnifies Dr. Campbell and intertwines parties

14.     The Second Operating Agreement ("Second Operating Agreement") of New Braunfels, Section 10.4 mandates that New Braunfels must indemnify each Member from

litigation. Dr. Campbell, is a Member of New Braunfels and would require indemnification from this suit. *See* Section 10.4. states in part:

> 10.4   <u>Right to Indemnification.</u> The Company must indemnify each Person who is or was a Member of the Company, both in that Person's official capacity and as a Delegate, against any and all liability and reasonable expense that may be incurred by such Person in connection with or resulting from any Proceeding, all to the fullest extent permitted by Section 29-610 of the

15.     Previously, in an unreported decision, the Southern District of Texas stayed litigation against co-defendants due in part to the drain of the indemnification expenses to the detriment of the other creditors. *See Nat'l Oilwell Varco, L.P. v. Mud King Prods., Inc.*, 2013 U.S. Dist. LEXIS 66152, 2013 WL 1948766, at *3 (S.D. Tex. May 9, 2013). The Court reasoned that "a non-bankrupt codefendant may be protected by the automatic stay of § 362(a)(1) because extension of the stay would contribute to the debtor's efforts of rehabilitation." *Id.* at 7-8 (quoting *S.I. Acquisition*, 817 F.2d at 1147). As such, Judge Atlas stayed the case as to co-defendants, in the interest of justice, and to conduct investigations of the indemnities. *Id.,* at *3.

16.     Those same arguments apply here. Here, the Debtor, New Braunfels is required to indemnity the Members, including, Dr. Campbell. Section 10.4 requires New Braunfels to indemnify the Members in litigation. If the litigation proceeds, the mandatory indemnification provision would drain the necessary resources available to rehabilitate New Braunfels and prevent a plan to pay Regions Bank, in full.

**3.      <u>Debtors propose Joint Administration and full payment to Regions.</u>**

17.     District Courts in the Fifth Circuit stayed cases as to co-defendants, provided that the creditor was paid in full and allowing litigation to proceed would irreparably injure the reorganization efforts. *Bernhard*, at 118; *In re Seatco,* 259 B.R. 279, 283 (Bankr.N.D.Tex.

2001). Both the *Bernhard* and *Seatco* Courts stayed combative litigation against principals who were instrumental to the Debtors' efforts to reorganize. *Bernhard*, at 118; *Seatco*, at 283. Importantly, the Courts warned that the stays would lift if the debtors defaulted. *Bernhard*, at 118; *Seatco*, at 283.

18.    It is Dr. Campbell's understanding that the Debtors are current with monthly payments to Regions. On May 15, 2020, Debtors requested Joint Administration and intend to propose a plan soon. The Debtors reorganization efforts depend upon Dr. Campbell and other co-defendants/Members. Dr. Campbell is a Member of both Debtors and influential economically and logistically to the rehabilitation of the Debtors. The factors present echo those in *Bernhard* and *Seatco*.  Resources spent litigating this lawsuit against the guarantors will drain necessary resources available by the Debtors continue to pay Regions and enter a plan. Therefore, Dr. Campbell requests that the Court stay the case and lift the stay, only if, the Debtors default after notice, and submission of the plan paying Regions.

**B.    This Court may abate the case to avoid duplication of judicial efforts**

19.    Alternatively, if the Court finds §362 does not apply, the Court may extend the stay as to co-defendants as the master of its own docket and resources. *See Dillard*, 961 F.2d 1148, 1159.   Courts control the administration of its docket and may stay a case so that it does not waste the Court's valuable resources. *Dillard*, 961 F.2d 1148, 1159. Finding that the automatic stay under 11 USC §362 may not apply to the co-defendant for various reasons, nonetheless, Courts stayed the case in the administration of justice. *See Dillard*, 961 F.2d, 1148; *Navistar Leasing Co*, 2017 U.S. Dist.; 2017 WL 87859 at * 3. For example, the Northern District Court in *Blundell* stayed a Fair Labor Standards Act case against corporate defendants. *Blundell*

*v. Home Quality Care Home Health Care, Inc.*, 2017 U.S. Dist. LEXIS 195765, 2017 WL 5889715, at \*4-6 (N.D. Tex. Nov. 29, 2017). Despite acknowledging that corporate defendants could not demonstrate "unusual circumstances," and did not find such an intertwinement to obtain a stay under § 362, instead, the Court stayed the case in the interests of justice and in control of its docket. *Id*., at \*4-6.

20.    This Court may abate the case to prevent this Court and the Bankruptcy court from reviewing essentially the same issues as to the liability and amounts owed. *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1159 (5th Cir. 1992); *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967))); *Navistar Leasing Co. v. TangoTransp., LLC*, 2017 U.S. Dist. LEXIS 3228\*; 2017 WL 87859 at \* 3 (E.D. Tex. Jan.10, 2017). The Fifth Circuit, in *Dillard* specifically noted as follows:

> "We have expressly noted in the past that a stay [26] "pending the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery."" *Dillard,* 961 F.2d 1148, 1159 (citing *ACF Indus. v. Guinn,* 384 F.2d 15, 19 (5th Cir. 1967), *cert. denied,* 390 U.S. 949, 88 S. Ct. 1039, 19 L. Ed. 2d 1140 (1968).

Dr. Campbell and Debtors desire to pay Regions in full, as is stated in 35NB's plan. However, continued litigation in both the Bankruptcy Court and this Court wastes necessary judicial resources and Dr. Campbell's resources to realize and implement that plan. Dr. Campbell' efforts are best utilized in materializing and assisting the Debtors' in executing a detailed plan to pay Plaintiff, in full.

## CONCLUSION

---

[26] An abatement can be either a stay or a dismissal. *Baer v. Fahnestock & Co.,* 565 F.2d 261, 263 (3d Cir. 1977). In this case, the abatement should be considered a stay, given that Judge Hughes abated the case only until the occurrence of a specific event -- Dillard's attempt to add his 1988 claims to the 1985 case."

21.    Unusual circumstances intertwine the Debtors and Dr. Campbell to the extent that a judgment against her would act as a judgment against the Debtors. This Court may stay the present case based on precedent, in the interests of justice and to control its own docket. However, if litigation persists against Dr. Campbell, it will irreparably harm Debtors' rehabilitation due to draining resources as well as invoke the Debtors' requirement to indemnity Dr. Campbell in this lawsuit. Staying this case is in the interest of justice.

For these reasons, Defendant DONNA CAMPBELL, M.D. respectfully requests that the Court stay the present litigation against her, and lift the stay only if, the Debtors default under a jointly administered plan with notice of default; and, such and other further relief, special or general, legal or equitable, to which Dr. Campbell may be justly entitled.

DATED: August 4, 2020.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By:___*/s/ Courtney E. Palm*_____
Courtney E. Palm
State Bar No. 24041641
SDOT No. 36917
5051 Westheimer, Suite 1200
Houston, Texas 77056
(713) 977-8686/(713) 977-5395 Fax
palm@hooverslovacek.com

**OF COUNSEL:**

**HOOVER SLOVACEK LLP**
Joseph O. Slovacek
State Bar No. 18512300

{111947/00002/01412352.DOCX 1 }                    10

Angeline V. Kell
State Bar No. 24040009
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
(713) 977-8686/(713) 977-5395  Fax
slovacek@hooverslovacek.com
kell@hooverslovacek.com

**ATTORNEYS FOR DEFENDANT
DONNA CAMPBELL, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2020, a true and correct copy of the foregoing was served via electronic-service to the parties listed below at the email addresses listed.

**4:20-cv-01258 Notice has been electronically mailed to:**

| | |
|---|---|
| Abel K Manji | abelmanji@gmail.com |
| Courtney E Palm | palm@hooverslovacek.com, truong@hooverslovacek.com |
| Matt D. Manning | mmanning@mcglinchey.com, trostron@mcglinchey.com |
| Matthew Alexander Knox | mknox@mcglinchey.com, sajohnson@mcglinchey.com |
| Nelson M Jones , III | Njoneslawfirm@aol.com |
| Robert C Wiegand | bob.wiegand@swolegal.com |

Samuel A Houston    shouston@sschlaw.com, cfreeman@schlawyers.com, cfreeman@sschlaw.com, dbarba@schlawyers.com, shouston@schlawyers.com

*/s/ Angeline V. Kell*
ANGELINE V. KELL

{111947/00002/01412352.DOCX 1 }                    11